# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:12-cv-363-MR
### (Criminal Case No. 1:03-cr-81-MR)

| | |
|---|---|
| MATTHEW ANTONEYO JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1], or for alternative relief under 28 U.S.C. § 2241, or the under the writs of coram nobis and audita querela;  and on the Government's Response in Opposition, [Doc. 8].  Petitioner seeks relief from his sentence on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## PROCEDURAL HISTORY

On October 6, 2003, Petitioner was charged by the Grand Jury for the Western District of North Carolina in a two-count bill of indictment with possession with intent to distribute fifty grams or more of cocaine base, in

violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). [Criminal Case No.1:03-cr-81, Doc. 1 at 1: Indictment].

On October 6, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, providing notice of its intent to seek an enhanced sentence based on a 1997 conviction for possession with intent to manufacture, sell, or deliver ("PWISD") a controlled substance in Buncombe County Superior Court. [Id., Doc. 2: Information to Establish Prior Conviction]. On December 17, 2003, Petitioner pleaded guilty, without a plea agreement, to the two-count bill of indictment. [Id., Doc. 13: Entry and Acceptance of Guilty Plea].

In Petitioner's presentence report, the probation officer concluded that Petitioner qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on two prior felony convictions for controlled substance offenses, including the 1997 PWISD conviction, which had been consolidated with a felony conviction for the sale of cocaine, and a 2002 conviction for possession with intent to manufacture, sell, and deliver cocaine also in Buncombe County Superior Court. As a result of Petitioner's status as a career offender, the probation officer calculated an advisory guidelines range of imprisonment of 322 to 387 months, based on

a total offense level of thirty-four and a criminal history category of VI for the drug conviction, combined with an additional 60 months for the § 924(c) conviction.    Before sentencing, the Government filed a motion for downward departure pursuant to United States Sentencing Guidelines § 5K1.1, recommending that this Court depart downward three levels based on Petitioner's substantial assistance and sentence Petitioner within an equivalent guidelines range of 188 to 235 months in prison for the drug conviction.  [Id., Doc. 19 at 3: Motion for a Downward Departure].

At sentencing, this Court granted the Government's motion, departed downward, and sentenced Petitioner to 200 months in prison for the drug conviction and 60 months in prison for the § 924(c) conviction, for a total of 260 months.  [Id., Doc. 20: Judgment].  The Court entered judgment on January 4, 2005, and Petitioner did not appeal.  On November 15, 2012, Petitioner filed the instant motion to vacate, contending, in light of Simmons, that he did not have two prior felony convictions for a controlled substance offense for purposes of the career offender enhancement.  [Id., Doc. 1 at 4].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any

attached exhibits and the record of prior proceedings . . .” in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the “AEDPA”).  Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief.  Section 2255(f) provides:

> (f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on January 14, 2005, when his time for filing a notice of appeal expired. Because Petitioner did not file his motion to vacate until November 15, 2012, his motion is untimely under Section 2255(f)(1). Petitioner concedes that he did not file the § 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under § 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of

new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'"[1] Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

Finally, even if this Court were to apply equitable tolling Petitioner would still not be entitled to Simmons relief because Petitioner received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and

---

[1] Section 2255(f)(3), however, provides no relief for Petitioner because Simmons is a decision of the Court of Appeals, not the Supreme Court.

6

concurring in the judgment in part). Because the Government moved for a downward departure under § 5K.1.1, Petitioner was not actually sentenced pursuant to the otherwise applicable twenty-year statutory minimum for his drug conviction, but instead received a downward departure sentence of 200 months imprisonment for the drug conviction. In sum, even if Petitioner's § 2255 petition were not time-barred, he would not be entitled to relief on the merits.[2]

Next, as for Petitioner's attempt to seek relief under alternative theories, Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

---

[2] Respondent also contends that Petitioner has not conclusively shown that his 2002 drug conviction does not qualify as a predicate felony after Simmons. See [Doc. 8 at 9 n.7].

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on a prior state court conviction that he asserts should no longer be considered in calculating a sentencing enhancement.  As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate.  Therefore, Petitioner is not entitled to relief under § 2241.

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and/or audita querela under the All Writs Act, the Fourth Circuit recently described the writs of coram nobis and audita querela as follows:

A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).  The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States,

517 U.S. 416, 428-29 (1996); <u>Akinsade</u>, 686 F.3d at 252.

Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). <u>Torres</u>, 282 F.3d at 1245; <u>United States v. Johnson</u>, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. <u>See</u> <u>Carrington v. United States</u>, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

<u>United States v. Sessoms</u>, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to his convictions. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, Petitioner may not use the writ of audita querela to "plug a gap in the system of federal postconviction remedies." <u>United States v. Johnson</u>, 962 F.2d 579, 583 (7th Cir. 1992).

In conclusion, because Petitioner's § 2255 motion is time-barred, the Court dismisses his motion to vacate. Furthermore, Petitioner is not entitled to any of his alternative forms of relief.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS THEREFORE ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, [Doc. 1], is **DENIED** and **DISMISSED** with prejudice as untimely. Furthermore, Petitioner is not entitled to any of his alternative forms of relief.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: June 19,

Martin Reidinger
United States District Judge